UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JEFF MACY,<br><br>           Plaintiff,<br>     v.<br>CALIFORNIA AIR RESOURCES BOARD,<br><br>           Defendant. | No. 5:25-cv-02818-RGK-BFM<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

## SUMMARY OF ORDER

This action involves a pro se civil rights complaint filed by Plaintiff Jeff Macy. Macy sues the California Air Resources Board, a state entity, for forcing him to run quarterly CARB testing on his truck. He alleges that the requirement is extortion, a violation of the Fourth and Fourteenth Amendments, and an unlawful regulatory taking.

In evaluating Plaintiff's application for in forma pauperis status, the Court is required to dismiss the case if it determines that the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). Applying that

1 standard, Plaintiff's Complaint must be dismissed because the entity he sues is
2 protected by Eleventh Amendment immunity.
3 The Court therefore dismisses the Complaint with leave to amend and
4 holds his application for in forma pauperis status in abeyance pending filing of
5 an amended complaint.

**ORDER**

**A.  Legal Standard**

Where a plaintiff seeks permission to proceed in forma pauperis, the Court is required to review the complaint and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief can be granted, or seek monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."). In determining whether Plaintiff has stated a claim, the Court accepts as true the factual claims in the Complaint and views all inferences in a light most favorable to him. *Hamilton v. Brown*, 630 F.3d 889, 892-93 (9th Cir. 2011). The Court does not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Because Plaintiff is not represented by counsel, the Court construes the Complaint liberally. *Barrett v. Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (per curiam).

**B.     Factual Background**

Plaintiff filed his Complaint on October 23, 2025. (ECF 1 ("Compl.").) He names as Defendant the California Air Resources Board,[1] and alleges that it has forced Plaintiff to "CARB test" quarterly starting next year. (Compl. ¶¶ 4, 11.) He claims that his truck does not meet the weight limit that would trigger the requirement for such testing. (Compl. ¶ 12.) Plaintiff claims this is a regulatory taking, and that it violates the Fourth and Fourteenth Amendments. (Compl. ¶¶ 16, 22.) He also makes an extortion claim, citing the Hobbs Act, 18 U.S.C. § 1951, as the basis for that claim. (Compl. ¶¶ 12-13.) Plaintiff alleges that the California Air Resources Board is at fault for employing and retaining employees who have a penchant for abusing their authority, for improperly supervising and training its personnel, and for maintaining inadequate procedures for reporting and investigating misconduct. (Compl. ¶ 16.) He seeks compensatory damages and costs of the suit.

When he filed his initial Complaint, Plaintiff also applied for in forma pauperis status. (ECF 3.) The Court has screened his Complaint pursuant to § 1915(e) and concludes it must be dismissed.

---

[1] Plaintiff's first and second causes of action state that the claim is against the California State Board of Equalization; his third lists the San Bernardino County Land Use Services Department. But the caption on the front page of the Complaint does not reflect either of those entities as a Defendant, nor does the "Parties" section mention either one. (*See* Compl. at 1, 2.) Further, the factual allegations in the Complaint do not mention either the California State Board of Equalization or the San Bernardino County Land Use Services Department entity, and instead focus on the California Air Resources Board. (*E.g.*, Compl. ¶¶ 7, 11, 16.) The Court therefore assumes the references to other entities are left over from previous pleadings in this Court.

Plaintiff's factual allegations include that San Bernardino County Code Enforcement shared his private information to facilitate the California Air Resources Board's actions. (Compl. ¶ 14.) Because he does not attempt to state a privacy claim or any other claim based on that allegation, the Court ignores that allegation in its discussion of Plaintiff's claims.

3

**C.     Analysis**

The Complaint contains three causes of action: (1) extortion; (2) *Monell* liability under the Fourth and Fourteenth Amendment; and (3) regulatory taking.

**1.     Extortion under § 1951**

Plaintiff's first cause of action is for extortion. He cites the Hobbs Act, 18 U.S.C. § 1951, for the definition of extortion. (Compl. ¶ 12.) But § 1951 is a criminal statute; it defines a criminal offense that subjects the offender to imprisonment. Plaintiff has no standing to sue for violations of criminal law. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) ("These criminal provisions, however, provide no basis for civil liability."). As such, Plaintiff's First Cause of Action, which attempts to state a claim for Hobbs Act extortion, fails.[2]

**2.     Eleventh Amendment Immunity**

The two other federal claims in the suit each appear to be brought under § 1983, which is the vehicle for bringing constitutional claims against state actors. So construed, Plaintiff's claims are barred by the Eleventh Amendment. The Eleventh Amendment provides that the "judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. The Eleventh Amendment bars federal jurisdiction over suits by individuals against a State and its instrumentalities, unless either the State unequivocally consents to waive its sovereign immunity or Congress abrogates it. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984);

---

[2] State law provides a civil claim based on extortion. *Monex Deposit Co. v. Gilliam*, 666 F. Supp. 2d 1135, 1136 (C.D. Cal. 2009). Setting aside that Plaintiff explicitly references the Hobbs Act and not state law, such a claim would be barred by Eleventh Amendment immunity for reasons discussed in the next section.

*Belanger v. Madera Unified Sch. Dist.*, 963 F.2d 248, 250 (9th Cir. 1992). The California Air Resources Board is an entity under the umbrella of the California Environmental Protection Agency. It is an "arm of the state" entitled to sovereign immunity. *See Rocky Mountain Farmers Union v. Corey*, 913 F.3d 940, 950 (9th Cir. 2019) (finding claim for retrospective relief against California Air Resources Board barred by Eleventh Amendment).

Eleventh Amendment immunity is not absolute. States (and arms and employees of a State) can be subject to suit in federal court if (1) Congress enacts a law that authorizes such a suit, or (2) the state consents to be sued in a federal forum. *See Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999); *see also Pennhurst State Sch.*, 465 U.S. at 100 ("[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.").

Neither of these conditions is met as to a § 1983 claim, which would be the vehicle for bringing any federal constitutional claim. *See Pittman v. Or., Emp. Dep't,* 509 F.3d 1065, 1072, 1074 (9th Cir. 2007) ("actions against arms of the state under . . . § 1983 . . . cannot be brought in *either* federal or state court, because the cause of action in § 1983 does not reach arms of the state"); *Mitchell v. L.A. Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988) (finding state entities immune from claims for damages and injunctive relief under §§ 1981, 1983, and 1985) (1989); *see also Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) ("The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity.") (citation and internal brackets omitted). Thus Plaintiff's § 1983 claims are barred.

To the extent any of Plaintiff's claims can be read to arise under state law (*e.g.* Compl. ¶ 23), such claims would also be barred under the Eleventh Amendment. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (Eleventh Amendment "precludes the adjudication of pendent state law claims against nonconsenting state defendants in federal courts").

His Second and Third Causes of Action, therefore, must be dismissed.

## CONCLUSION

For these reasons, Plaintiff's application for in forma pauperis status is again held in abeyance, and Plaintiff's Complaint is dismissed with leave to amend.[3]

Plaintiff is granted until **December 10, 2025**, to file a First Amended Complaint. The First Amended Complaint:

- Must bear the case number assigned in this case;
- Must be labeled "First Amended Complaint";
- Must be complete in and of itself—meaning it does not require the court to reference the original Complaint, or any other pleading, attachment, or document; and
- Must be signed and dated.

---

[3] Magistrate Judges may dismiss a complaint with leave to amend without approval of the District Judge. *See McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Plaintiff is advised, however, that this Court's determination that the allegations in the Complaint are insufficient to state a claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that the Complaint fails to state a claim, Plaintiff is not required to omit any claim or defendant in order to pursue this action. If Plaintiff decides to pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately may submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges. *See* L.R. 72-1, 72-2.

If Plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a).

Plaintiff is warned that if he does not do either of these things within the deadline set by the Court (or seek an extension of that deadline, if he has a good reason to do so), **the Court will recommend to the assigned District Judge that the action be dismissed without further leave to amend, based on reasons set out in this Order and/or Plaintiff's failure to prosecute the case.**

**IT IS SO ORDERED**.

DATED: November 10, 2025

_____
BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE