UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF MACY,<br><br>            Plaintiff,<br><br>     v.<br><br>CALIFORNIA AIR RESOURCES BOARD,<br><br>            Defendants. | No. 5:25-cv-02818-RGK-BFM<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

This Report and Recommendation is submitted to the Honorable R. Gary Klausner, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California. For the reasons discussed below, the Magistrate Judge recommends that the action be dismissed without prejudice for failure to prosecute and to follow court orders.

## I. BACKGROUND

Plaintiff Jeff Macy, in pro per, filed this action on October 23, 2025. (ECF 1.) Plaintiff also filed a request to proceed without prepayment of the filing fee, which remains pending. (ECF 3.)

On November 10, 2025, the Court issued an order dismissing Plaintiff's complaint with leave to amend, noting that Plaintiff did not have standing to bring his criminal extortion claim and was barred from pursuing his remaining federal claims due to Eleventh Amendment Immunity. (ECF 7.) The Court therefore granted Plaintiff until December 10, 2025, to file a First Amended Complaint or request voluntary dismissal. (ECF 7 at 6-7.) The Court cautioned that Plaintiff's failure to file a First Amended Complaint by December 10, 2025, would result in the Court recommending that his case be dismissed without further leave to amend based upon the reasons in the Court's Order and/or Plaintiff's failure to prosecute the case. (ECF 7 at 7.) Plaintiff has not, however, filed an amended pleading or otherwise responded to the Court's Order.

## II. DISCUSSION

It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

In determining whether to dismiss this action due to Plaintiff's failure to prosecute or to comply with court orders, the Court must consider the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2)

the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam) (citation and quotation marks omitted); *see also In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260-61 (failure to comply with court orders).

The first two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. Plaintiff's failure to respond to Court orders and to prosecute this action hinders the Court's ability to move this case toward disposition and indicates that Plaintiff does not intend to litigate this action diligently.

The third factor—prejudice to defendants—also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action. *Eisen*, 31 F.3d at 1452-53. Nothing suggests that such a presumption is unwarranted in this case.

The fourth factor—public policy in favor of deciding cases on their merits—weighs against dismissal. But it is Plaintiff's responsibility to move his case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. *See Morris v. Morgan Stanley Co.*, 942 F.2d 648, 652 (9th Cir. 1991). By failing to respond to Court orders and file an amended complaint, Plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to comply with court orders.

The fifth factor—availability of less drastic sanctions—weighs in favor of dismissal. The Court attempted to avoid dismissal when it issued its Order giving Plaintiff an opportunity to amend his complaint and continue to prosecute this action. Nonetheless, as of the date of this Report and

3

Recommendation, Plaintiff has failed to file an amended complaint, as required by the Court's November 10, 2025 Order, or otherwise respond to that Order. Thus, the fifth factor weighs in favor of dismissal.

Taking all of the above factors into account, dismissal for failure to prosecute and to follow court orders is appropriate. Such a dismissal, however, should not be entered unless Plaintiff has been notified that dismissal is imminent. *See W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1523 (9th Cir. 1990). In this case, Plaintiff was cautioned about the possibility of dismissal in the Court's November 10, 2025, Order, and will be afforded further notice by service of this Report and Recommendation.

### III. RECOMMENDATION

IT IS THEREFORE RECOMMENDED that the District Judge issue an Order: (1) approving and accepting this Report and Recommendation; and (2) directing that Judgment be entered dismissing this action without prejudice for failure to prosecute and to follow court orders.

DATED: January 7, 2026

_____
BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE

| | |
|---|---|
| 1 | **NOTICE** |
| 2 | Reports and Recommendations are not appealable to the United States |
| 3 | Court of Appeals for the Ninth Circuit, but may be subject to the right of any |
| 4 | party to file objections as provided in the Local Civil Rules for the United States |
| 5 | District Court for the Central District of California and review by the United |
| 6 | States District Judge whose initials appear in the docket number. No notice of |
| 7 | appeal pursuant to the Federal Rules of Appellate Procedure should be filed |
| 8 | until the District Court enters judgment. |